## JOHN G. DAVIS vs. CALEB JENNEY.

The court has authority to grant a new trial on the ground that a verdict is against the weight of evidence, though the evidence, in whole or in part, was derived from inspection.

The comment of a judge upon evidence, not involving any opinion or direction in matter of law, is not a proper ground of exception.

In a suit against the drawer of a bill of exchange drawn for his accommodation, the defence was, that the bill had been altered so as to be payable in sixty days, instead of six; and the only evidence of alteration was on the face of the bill. The judge, after instructing the jury that the question was to be decided upon inspection, also instructed them to consider the probability or improbability that an accommodation bill would be made payable in six days. *Held*, that no exception could be well taken to this last instruction.

If a bill or note is altered, after its execution, by extending the time of payment, it is a material alteration which discharges the party. The burden of proof, however, is on the defendant to show the alteration.

ASSUMPSIT by the indorsee against the payee and indorser of a bill of exchange drawn, as was admitted, for the accommodation of the drawer. The defence relied on, was that the bill was altered, after indorsement, by extending the time of payment from six to sixty days. The only evidence of the alteration arose from the bill itself, which, as the defendant insisted, was manifest on its face. *Morton*, J. before whom the cause was tried, instructed the jury that the burden of proof was upon the defendant to show the alteration; that the question must be decided upon inspection; but that if the jury believed there had been an alteration, the legal presumption was, in the absence of all explanation, that it was made after the bill was signed by the maker and indorser. The judge also directed the jury, that they ought to examine the bill with care, to ascertain whether the difference, if any existed, in the appearance of the letters of the word "sixty," was such as showed an alteration after the bill was completed, or might have been caused by replenishing the ink in the pen, which might be exhausted in the midst of a word or sentence. He also drew the attention of the jury to the fact, that the bill was an accommodation bill, and directed them to consider the probability or improbability that such a bill would be made payable in six days. The verdict

19 *

being for the plaintiff, the defendant's counsel excepted to these instructions, and also moved that the verdict be set aside, because it was against the evidence.

*L. Williams*, for the defendant. The judge having instructed the jury, that the question as to the alleged alteration must be decided upon inspection, his subsequent direction to them, to consider whether such a bill would be drawn on six days' time, was a departure from the first part of his instructions, and deprived the defendant of the benefit of explanatory evidence, which he otherwise might have given.

The court, upon inspection of the bill, must be convinced that the verdict was against the evidence.

Upon being requested, by the chief justice, to cite authorities in support of the position that alterations are presumed to be made after an instrument is completed, *Williams* referred to *Prevost* v. *Gratz*, Peters C. C. 369. *Morris* v. *Vanderen*, 1 Dall. 67. *Barrington* v. *Bank of Washington*, 14 S. & R. 405. *Heffelfinger* v. *Shutz*, 16 S. & R. 44. *Johnson* v. *Duke of Marlborough*, 2 Stark. R. 313. *Henman* v. *Dickinson*, 5 Bing. 183. *Jackson* v. *Osborn*, 2 Wend. 555. *Knight* v. *Clements*, 3 Nev. & P. 375, and 8 Adolph. & Ellis, 215.

*English*, for the plaintiff. Where it is doubtful whether an instrument has been altered, the jury must decide. 1 Saund. Pl. & Ev. 94. *Bishop* v. *Chambre*, 3 Car. & P. 55. *Leykariff* v. *Ashford*, 12 Moore, 281.

The jury must also decide whether an alteration, though apparent, was made before or after the instrument was completed. *Cumberland Bank* v. *Hall*, 1 Halst. 215. *Sayre* v. *Reynolds*, 2 South. 737. *Taylor* v. *Mosely*, 6 Car. & P. 273. *Bailey* v. *Taylor*, 11 Connect. 531.

The court cannot overrule the decision of the jury on a question that is to be decided upon inspection. *Morton* v. *Fairbanks*, 11 Pick. 368.

SHAW, C. J. We have no doubt that the verdict, in this case, is open to the inquiry, whether it was against the weight of evidence, and liable to be set aside on that ground. The authority of the court to set aside a verdict does not depend upon

the nature and quality of the evidence, upon which the jury have found it ; though it often happens, that the character of the evidence is such as to afford the jury much better means of judging of it, than the court can have of reviewing it ; as where much depends upon localities, and the jury have a view ; or upon minute circumstances, and there is conflicting testimony ; or upon the credit of a witness, who is strongly impeached by one set of witnesses, and supported by another. In all such cases, the consideration, that the jury had means of judging of facts, which cannot afterwards be laid before the court, in their complete strength and fulness, will always have a prevailing and often a decisive influence upon the judgment of the court, in support of the verdict. The case of *Morton* v. *Fairbanks*, 11 Pick. 368, decides nothing against the power of the court to set aside the verdict, where the evidence, in whole or in part, was derived from inspection. It held, that on a trial, the question of fact must be decided by the jury. But in setting aside a verdict as against evidence, on a motion for a new trial, the court do not find any fact, or decide definitively any question of fact ; they merely inquire and decide, whether it is expedient and consonant with the purposes of justice, that the evidence should be submitted to another jury.

The verdict being for the plaintiff, the motion to set it aside, as against evidence, and on account of misdirection, is made by the defendant. It was argued, that there was an inconsistency in the directions of the judge, in telling the jury, that the question was to be decided on inspection of the bill, and afterwards indicating other circumstances. But we think this was given in reference to the evidence as it then stood. The report states, that no evidence was offered but the bill itself. The case was to be decided upon inspection, taken in reference to the relations in which the parties stood to each other, and the admissions made by them, respectively, before the jury. Had the judge stated, that it must be decided by inspection only, without regard to any other considerations, we do not see how it could have been supported. The question, as the evidence stood, was to be determined by inspection ; but the inspection was to be made

by the jury, with eyes and understandings qualified and prepared to make it by a knowledge of the subject matter, the nature, purposes, and effect of such acts, and the relations of the parties to each other.

Another exception was taken to the comments of the judge upon the evidence ; but it is well settled, that the comment of a judge upon evidence, not involving any opinion or direction in matter of law, is not a proper ground of exception.

We think that the directions of the judge were sufficiently favorable for the defendant, and were correct, to wit, that a material alteration after the indorsement would discharge the indorser ; that an extension of the time was a material alteration, and that the burden of proof was upon the defendant, to show the alteration ; or, perhaps, to state this last proposition with a little more precision, the proof or admission of the signature of a party to an instrument is *prima facie* evidence, that the instrument written over it, is the act of the party ; and this *prima facie* evidence will stand as binding proof, unless the defendant can rebut it by showing, from the appearance of the instrument itself, or otherwise, that it has been altered.

In regard to the last instruction to the jury, namely, that if they were satisfied that there had been an alteration in the bill, the presumption would be, in the absence of other evidence, that it was done after the signature of the instrument ; the court consider it a question of very great importance, which it is not necessary to decide in the present case, and on which they give no opinion. It was wholly in favor of the defendant, and he cannot except to it. Suppose it to have been followed and acted upon by the jury, as regularly we must, it follows that according to the finding of the jury, no alteration had been made in the bill, at any time.

We see no ground to set aside the verdict as against the weight of evidence.

*Judgment on the verdict.*